

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

BRANCH BANKING AND TRUST )
COMPANY,
)
    PLAINTIFF,
)
VS.                                           2:09-cv-1410-JHH
)
GUTHRIE'S HOLDING COMPANY,
L.L.C.,; HAL H. GUTHRIE, SR.;  )
JOSEPH K. GUTHRIE;  and,
ANNA M. WHITMORE,            )

    DEFENDANTS.               )

## FINDINGS OF FACT AND MEMORANDUM OPINION

The court has before it the Motion for Default Judgment (Doc. #20) filed by Plaintiff Branch Banking and Trust Company ("BB&T") on December 18, 2009. The Motion (Doc. #20) seeks judgment by default, pursuant to Federal Rule of Civil Procedure 55(b), against Guthrie's Holding Company, L.L.C., Hal H. Guthrie, Sr., Joseph K. Guthrie, and Anna M. Whitmore a/k/a Anna Guthrie Whitmore (collectively, the "Defendants") for failure to plead, defend, or otherwise respond to the plaintiff's Amended Complaint (the "Amended Complaint").   For the reasons outlined below, the Motion (Doc. #20) is due to be granted.

This action was commenced on July 15, 2009, by the filing of BB&T's complaint seeking monetary damages for alleged breach of a Promissory Note and breach of Guaranties.  (*See* Doc. #1).  An Amended Complaint was filed on September 22, 2009.  (*See* Doc. #12).  On October 23, 2009, BB&T filed a request for entry of default against the Defendants. (See Doc. #17).  That request was granted by court order (Doc. #18) dated October 30, 2009.  As grounds for entry for default, this court noted that:

> The record (doc. #15 and doc. #16) reflects that each such defendant has been duly served with a copy of the Amended Complaint (doc. #12) filed September 22, 2009.  The record further reflects that each such defendant has failed to plead, defend or otherwise respond within the twenty-day period following service upon such defendant and that such failure has continued to the date of this order.

The court directed the clerk to enter default with regard to each defendant with leave to plaintiff to prove damages. With the pending Motion for Default Judgment (Doc. #20), Plaintiff seeks a Rule 55(b) default judgment against the Defendants for monetary damages in the amount of $1,325,998.63, consisting of a principal balance of $1,134,415.84 and interest of $191,582.79 as of December 9, 2009 (with *per diem* interest accruing at $259.97 thereafter), attorneys' fees and collection costs to BB&T and against the Defendants, jointly and severally, in the amount of $132,619.87 pursuant to the terms of the Note and O.C.G.A. §13-1-11, and postjudgment interest

at the rate of eight percent (8 %) per annum pursuant to Alabama Code § 8-8-10.  (*See generally* Doc. #20).

Rule 55 (b) states in relevant part:

(b) [Default] Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED. R. CIV. P. 55(b)(1), (2). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of BB&T and against all Defendants is appropriate because all of the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted evidence that Defendants are not an infants or incompetent persons,[2] and that those Defendants have defaulted under the terms of a Promissory Note. (*See* Doc. # 20, BB&T Loan Agreement and Amended Complaint). Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

[2] The Loan Agreement evidences this fact. (*See* Doc. #1, Exh. A at 1, 5, 6; Exh. B at 4; Exh. C at 2; Exh. D at 2; Exh. E at 2).

*Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because all Defendants have previously been declared in default by the court's Order of October 30, 2009 (Doc. # 18), Defendants' liability is established. *See id.*

The affidavit testimony indicates that the monetary damages sought by BB&T are for a sum certain or for a sum which can by computation be made certain, to wit: $1,325,998.63, consisting of a principal balance of $1,134,415.84 and the interest of $191,582.79 as of December 9, 2009 (with *per diem* interest accruing at $259.97 thereafter), attorneys' fees and collection costs to BB&T and against the Defendants, jointly and severally, in the amount of $132,619.87 pursuant to the terms of the Note and O.C.G.A. §13-1-11, and postjudgment interest at the rate of eight percent (8 %) per annum pursuant to Alabama Code § 8-8-10.  (Doc. # 20, Affidavit at ¶ 14). Accordingly, Rule 55(b)(1) - and not 55(b)(2) - governs this case.  Moreover, because the damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." FED. R. CIV. P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount

claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Therefore, based upon the court's review of the affidavit testimony and its study of the relevant case law, BB&T's request for the entry of a final default judgment against Guthrie's Holding Company, L.L.C., Hal H. Guthrie, Sr., Joseph K. Guthrie, and Anna M. Whitmore a/k/a Anna Guthrie Whitmore is due to be granted, and BB&T is due to recover from Defendants: $1,325,998.63, consisting of a principal balance of $1,134,415.84 and the interest of $191,582.79 as of December 9, 2009 (with *per diem* interest accruing at $259.97 thereafter), attorneys' fees and collection costs to BB&T and against the Defendants, jointly and severally, in the amount of $132,619.87 pursuant to the terms of the Note and O.C.G.A. §13-1-11, and postjudgment interest at the rate of eight percent (8 %) per annum pursuant to Alabama Code § 8-8-10.  The court will enter a final default judgment in favor of BB&T and against the Defendants that is consistent with this Memorandum Opinion.

**DONE** this the ___14th___ day of January, 2010.

*[signature: James H. Hancock]*
SENIOR UNITED STATES DISTRICT JUDGE